IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Kelly Tevlin, | NO. C 06-06706 JW |
|     Petitioner, | **ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |
| v. | |
| James E. Tilton, | |
|     Respondent. | |

## I. INTRODUCTION

Petitioner, represented by counsel, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Napa County conviction for continuous sexual abuse in violation of California Penal Code ("Penal Code") section 288.5. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

## II. STATEMENT

On November 5, 2002, an Amended Information was filed charging Petitioner with one count of lewd acts upon a child in violation of Penal Code section 288(c)(1); two counts of indecent exposure with a prior conviction in violation of Penal Code section 314(1); and continuous sexual abuse in violation of Penal Code section 288.5. The Amended Information also alleged that Petitioner was a habitual sexual offender under Penal Code section 667.71, and had two prior strikes under Penal Code section 667(b)–(i). Petitioner plead not guilty and denied the special allegations.

On March 10, 2003, the day set for trial, Petitioner changed his plea to no contest to the charge under Penal Code section 288.5 and admitted the two prior strike convictions under Penal

1  Code section 667(b)–(i). On August 27, 2003, Petitioner was sentenced to state prison for an
2  indeterminate term of 48 years to life and, pursuant to Penal Code section 667(a), a consecutive
3  mandatory term of 5 years.

4  On April 27, 2005, a petition for review was filed in the Supreme Court of California. On
5  April 29, 2005, the petition for review was denied. On August 13, 2004, a petition for a writ of
6  habeas corpus was filed in the Supreme Court of California. On May 28, 2005, the petition was
7  denied. On October 27, 2006, Petitioner filed this federal habeas petition.

### III.  DISCUSSION

**A.  Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claim**

Petitioner alleges the following claims for federal habeas relief: (1) Petitioner's plea was not voluntary, knowing, and intelligent under the Due Process Clauses of the Fifth and Fourteenth Amendments because Petitioner was not informed that his prior unsatisfactory performance while on parole was an aggravating circumstance that could subject Petitioner to an aggravated term of 48 years to life; (2) Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment because his trial attorney did not inform him that prior unsatisfactory performance on parole was an aggravating factor that could result in an aggravated term; and (3) Petitioner was deprived of his Sixth Amendment right to a trial by jury of each factor enhancing his sentence because the facts supporting the aggravated term of 48 years to life were neither admitted by Petitioner nor found by a jury.

2

In light of these claims, the Court will require Respondent to show cause why Petitioner's petition for a writ of habeas corpus should not be granted.

## IV. CONCLUSION

1. The Clerk shall serve by mail a copy of this Order and the petition and all attachments upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's Orders in a timely

1   fashion.  Failure to do so may result in the dismissal of this action for failure to
2   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4   Dated:  December 20, 2006                              _____
                                                            JAMES WARE
5                                                           United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Eric William Conner rayrobnsn@hotmail.com

California State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004

**Dated:  December 20, 2006**               **Richard W. Wieking, Clerk**

                                            **By:  /s/ JW Chambers              **
                                               **Elizabeth Garcia**
                                               **Courtroom Deputy**

**United States District Court**
For the Northern District of California